**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                            No. CR 10-1915 JB

MYRON JIM HARRY,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on the Defendant's Objections to Prosecution's

Requested Jury Instructions, filed May 5, 2013 (Doc. 159)("Objections").   The Court heard these

Objections during trial on May 6, 2013.   The primary issue is whether 18 U.S.C. § 2242 requires

that the Plaintiff United States of America prove only that the Defendant Myron Harry knew that

he was engaging in a sexual act with Jane Doe, or whether the United States must also prove that

Harry knew that Doe was physically incapable of declining participation in, or communicating an

unwillingness to engage in, the sexual act.   Because the Supreme Court of the United States has

construed similar statutes in a manner that requires the mens rea of an offense to attach to every

element of that offense, because there is a presumption that the mens rea of a crime attaches to

every element that would make otherwise traditionally innocent conduct criminal, because

requiring the United States to prove only that Harry knew that he was engaging in a sexual act --

and not that he knew that Doe was incapable of communicating an unwillingness to engage in that

sexual act -- is inconsistent with 18 U.S.C. §§ 2241 and 2243, and because the Court's construction

of 18 U.S.C. § 2242(2) is consistent with the precedent of the United States Court of Appeals for

the Tenth Circuit as well as the precedent of other United States Circuit Courts of Appeals, the Court will sustain Harry's Objections in part and overrule the Objections in part.[1]

## **FACTUAL BACKGROUND**

The United States accuses Harry of sexually abusing Doe during a party on the night of May 5, 2010, and the morning of May 6, 2010, in Shiprock, New Mexico.  See Indictment at 1, filed June 24, 2010 (Doc. 14)("Indictment").  The Court previously made findings of fact for Harry's Motion to Suppress Evidence Based on Spoliation or Incompleteness, filed June 26, 2012 (Doc. 75).  See Memorandum Opinion and Order at 2-16, filed February 19, 2013 (Doc. 114). The Court incorporates those findings of fact by reference herein.

## **PROCEDURAL BACKGROUND**

On June 24, 2010, a grand jury indicted Harry for having knowingly engaged in a sexual act with Doe, who was physically incapable of declining participation and could not communicate her unwillingness to engage in the sexual act, in violation of 18 U.S.C. §§ 1153, 2242(2), and 2246(A).  See Indictment at 1.   Trial in this matter is presently set for May 6, 2013, at 9:00 a.m. See Agreed Order to Vacate and Reset Trial and Extend the Time for the Filing of Pre-Trial Motions at 4, filed February 28, 2013 (Doc. 12).

---

[1]Harry made a number of objections to the phrasing and wording of various portions of the United States' proposed instructions.  See Objections ¶¶ 1-10, at 1-6.  The Court has considered these objections in drafting the Court's Final Set of Jury Instructions (Given)(without citations), filed May 8, 2013 (Doc. 175).  The Court will, however, address in detail only Harry's objection that concerns 18 U.S.C. § 2242(2)'s mens rea element in this Memorandum Opinion and Order. See Objections ¶ 2, at 1-3.  Because of the importance of stating the correct number of elements of an alleged offense and of stating the correct content of those elements, and because of the lack of clarity on this issue, the Court will address only Harry's objection that relates to the third element of the offense, that is whether the United States must prove beyond a reasonable doubt the Harry "had knowledge that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act."   Objections ¶ 2, at 2 (emphasis omitted).

The United States provided the Court with the following offense elements, which the United States requests the Court include in the preliminary instructions to the jury:

*First*:   that on or about May 6, 2010, the defendant knowingly engaged in a sexual act with Jane Doe;

*Second*:   that Jane Doe could not communicate unwillingness to engage in the sexual act;

*Third*:   defendant is Indian;

*Fourth*:   the offense was committed in Indian Country; and

*Fifth*:   the offense was committed in New Mexico.

United States' Requested Jury Instructions, Government's Requested Instruction No. 1, at 5-6, filed April 30, 2013 (Doc. 146)("U.S. Instructions").   The United States requests that the Court give the following final instruction to the jury:

*First*:   that the defendant knowingly engaged in a sexual act with Jane Doe;

*Second*:   that Jane Doe could not communicate unwillingness to engage in the sexual act;

*Third*:   defendant is an Indian;

*Fourth*:   the offense was committed in Indian Country; and

*Fifth*:   the offense was committed in New Mexico.

U.S. Instructions, Government's Requested Instruction No. 11, at 18.

Harry objects to the United States' proposed instructions.   See Objections at 1-2.   Harry asserts that these instructions misstate 18 U.S.C. § 2242(2)'s elements, because the United States has left out that Harry must have "knowledge that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act." Objections ¶ 2, at 1-2.   Harry contends that the Supreme Court has held that "'the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize

otherwise innocent conduct.'"   Objections ¶ 2, at 2 (quoting United States v. X-Citement Video, Inc., 513 U.S. 64, 71-72 (1994)).   Harry asserts that 18 U.S.C. § 2242 is a general, not specific, intent crime, and that the requirement of knowledge in conjunction with the second element of the crime is consistent with the Tenth Circuit's definition of general intent.   See Objections ¶ 2, at 2 ("[A] general intent crime . . . requires an 'act was done voluntarily and intentionally, and not because of mistake or accident.'" (quoting United States v. Blair, 54 F.3d 639, 642 (10th Cir. 1995)).   Harry asserts that his interpretation of 18 U.S.C. § 2242(2) is consistent with the Tenth Circuit's holding in a previous sexual abuse case, United States v. Smith, 606 F.3d 1270, 1281 (10th Cir. 2010).   See Objections ¶ 2, at 2.   Harry points out that the United States Court of Appeals for the Eighth Circuit, in a recent opinion that was vacated en banc, held that 18 U.S.C. § 2242(2) requires a defendant to have knowledge that an alleged victim of sexual abuse was incapacitated to be subject to criminal liability under the statute.   See Objections ¶ 2, at 3 (citing United States v. Rouillard, 701 F.3d 861 (8th Cir. 2012), vacated, reh'g granted (Mar. 4, 2013)).   Harry requests that the Court include, during the preliminary and final jury instructions, the following as the second element necessary to find him guilty of Sexual Abuse: "Defendant had knowledge that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act."   Objections ¶¶ 2, 6, at 3-5.

Harry makes additional objections to the United States' proposed instructions.   Harry requests that the instructions "only be presented to the jury before Closing Arguments, not before evidence has begun."   Motion ¶ 1, at 1.   To accommodate this request, Harry suggests the Court include the following language in the preliminary instruction instead of stating the elements of the charged offense:

> During the course of the trial, you will receive all the evidence you properly may consider to decide the case.   After you have heard all the evidence on both sides, I

will instruct you on the rules of law, which you are to use in reaching your verdict. The final part of trial occurs when then [sic] Government and Defense will each be given time for their final arguments.

Objections ¶ 1, at 1.   Harry also objects to the manner in which the United States summarizes the Indictment.   See Objections ¶ 3, at 3.   In the United States' Requested Instruction No. 1, the United States summarized the Indictment by stating:

> The indictment charges the defendant with knowingly engaging in a sexual act with Jane Doe, who could not communicate unwillingness to engage in the sexual act, or was incapable of appraising the nature of the conduct.   The indictment charges the defendant with engaging in the sexual act of contact between the Defendant's penis and the vulva of Jane Doe.

U.S. Instructions at 3.   Harry requests that the Indictment be summarized as:

> The indictment charges the defendant [sic] knowingly engaging in a sexual act with Jane Doe knowing that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act.   The sexual act alleged is the penetration of the genital opening of Jane Doe by the defendant's penis.

Objections ¶ 3, at 3.   Harry requests, in agreement with the United States, "that the final instructions be presented to the jury before Closing Arguments."   Objections ¶ 3, at 4.   Harry also requests that the following language be included in the preliminary instructions:

> During the course of the trial, you will receive all the evidence you properly may consider to decide the case.   After you have heard all the evidence on both sides, I will instruct you on the rules of law, which you are to use in reaching your verdict. The final part of trial occurs when then [sic] Government and Defense will each be given time for their final arguments.

Objections ¶ 3, at 4.

> The United States' Requested Instruction No. 8 states:

> During the trial you heard the testimony of Julie Kysar, a Sexual Assault Nurse Examiner, who expressed opinions concerning the nature of the injuries to Jane Doe that were identified during the sexual assault examination Jane Doe submitted to the day of the charged crimes.   You also heard testimony from Erin Higgins and Erin Daniel, Criminalists with the Arizona Department of Public Safety, who expressed opinions regarding the serology and DNA testing related to this case.

U.S. Instructions at 15.   Harry suggests the following language instead: "Julie Kysar, a nurse, expressed opinions concerning the examination she performed on Jane Doe.   You also heard testimony from Erin Higgins and Erin Daniel, who expressed opinions regarding the serology and DNA testing related to this case."   Objections ¶ 4, at 4.

The United States' Requested Instruction No. 9 states: "An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.   The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony." U.S. Instructions at 16.   The United States argues that the Court gave this same instruction in United States v. Chaco, No. CR 10-3463 JB (D.N.M. Aug. 10, 2011).   See U.S. Instructions at 16. Harry argues that this instruction is "clearly a self-serving affirmation entirely favoring one side, and improperly bolsters that side's position."   Objections ¶ 5, at 4.   Harry further argues that United States v. Chacos "is not reliable or sufficient authority for many reasons."   Objections ¶ 5, at 4.

As for the United States' Requested Instruction No. 11, which uses the term "sexual abuse" in the fourth and fifth elements of the alleged offense, see U.S. Instructions at 18, Harry argues that the term "the alleged offense" should replace "the sexual abuse," Objections ¶ 6, at 5.   The United States' Requested Instruction No. 12 reads:

> You will note that the indictment charges that the crimes were committed on or about May 6, 2010.   The government does not have to prove that the crimes were committed on this exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes reasonably near May 6, 2010.

U.S. Instructions at 19.   Harry asserts that this instruction is misleading and "appears to improperly shift the burden of proof."   Objections ¶ 7, at 5.   Harry requests that the Court replace the language with the original language in the Tenth Circuit Pattern Jury Instructions, which states:

"The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near [date]."   Objections ¶ 7, at 5 (quoting Tenth Circuit Pattern Jury Instructions Criminal § 1.18, at 32 (2011)(alterations in original)("10th Cir. Jury Instructions")).

> The United States' Requested Instruction No. 13 states:
>
> The voluntary flight of a Defendant immediately after being accused of a crime that has been committed is not sufficient in itself to establish guilt, but it is a circumstance which, if proved, you may consider in the light of all other evidence of the case, in determining guilt or innocence.   You alone must determine whether the evidence of flight shows a consciousness of guilt and the significance of that evidence.

U.S. Instructions at 20.   Harry objects to this instruction by arguing that there "is no credible evidence of voluntary flight," and that the instruction "is inappropriate and should not be offered." Objections ¶ 8, at 5 (citing United States v. Martinez, 681 F.2d 1248, 1256 (10th Cir. 1982)).

The United States' Requested Instruction No. 17 states: "When the word 'knowingly' is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident."   U.S. Instructions at 24.   Harry objects to this instruction, arguing that the United States "truncates" the Tenth Circuit Pattern Jury Instruction and "neglects a substantial paragraph."   Objections ¶ 9, at 6.   Harry argues that the following paragraph should be included in the instruction:

> Although knowledge on the part of the Defendant cannot be established merely by demonstrated [sic] that the Defendant was negligent, careless, or foolish, knowledge can be inferred if the Defendant deliberately blinded himself to the existence of fact.   Knowledge can be inferred if the Defendant was aware of a high probability of the existence of [the fact in question] unless the Defendant actually did not believe [the fact in question].

Objections ¶ 9, at 6 (quoting 10th Cir. Jury Instructions § 1.37, at 60 (alterations in original)).

> The United States' Requested Instruction No. 20 states, in part:
>
> If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer.   I will either

reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

U.S. Instructions at 28.   Harry objects to this instruction by arguing that it "truncates the Tenth Circuit" Pattern Jury Instructions and leaves out a substantial paragraph.   Objections ¶ 10, at 6.

Harry argues that the following paragraph should be included:

> If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [my Courtroom Deputy, Ms. K'Aun Wild], who will bring it to my attention.   I will respond as promptly as possible, either in writing or by having you return to the courtroom so I can address you orally.   I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue

Objections ¶ 10, at 6 (quoting 10th Cir. Jury Instructions § 1.44, at 71 (alterations in Objections but not in Pattern Jury Instructions).

In the First Set of Preliminary Jury Instructions, the Court stated that to find Harry guilty of Sexual Abuse, the jury must be convinced that the United States has proved beyond a reasonable doubt:

| | |
|---|---|
| *First*: | that on or about May 6, 2010, Mr. Harry Knowingly engaged in a sexual act with Jane Doe; |
| *Second*: | that Jane Doe could not communicate unwillingness to engage in the sexual act; |
| *Third*: | that Mr. Harry knew that Jane Doe could not communicate unwillingness to engage in the sexual act; |
| *Fourth*: | that Mr. Harry is an Indian; |
| *Fifth*: | that the offense took place in Indian Country; and; |
| *Sixth*: | that the offense took place in the District of New Mexico. |

Court's First Set of Preliminary Instructions (with citations) at 5, filed May 6, 2013 (Doc. 161)("Court's First Set").

At trial, the United States initially informed the Court that it has no objection to the Court's First Set of Preliminary Jury Instructions, which state the following as the third element of the charges against Harry: "*Third*: that Mr. Harry knew that Jane Doe could not communicate unwillingness to engage in the sexual act . . . ."   Court's First Set at 5.   See Transcript of Trial (taken May 6, 2013) at 4:15-4:17 (Court, Adams)("May 6 Tr.").[2]   Harry also informed the Court that the Court's First Set satisfies his Objections.   See May 6 Tr. at 5:2-5:4 (Court, Samore). Later, the United States notified the Court that it would not agree to Harry's proposed jury instruction requiring the United States to prove that Harry knew that Doe could not consent.   See May 6 Tr. at 273:10-274:14 (Court, Adams).   The United States argued that 18 U.S.C. § 2242(2) requires "proof that Jane Doe could not communicate her . . . unwillingness" and not proof that "Harry knew Jane Doe could not communicate willingness."   May 6 Tr. at 275:11-275:15 (Adams); id. at 277:14-21 (Adams).   The Court suggested that the United States consider overnight whether it wants to defend on appeal its proposed jury instruction, which does not require them to prove Harry's knowledge of Doe's incapacity.   See May 6 Tr. at 274:19-274:23 (Court, Adams).   The Court noted that the Eighth Circuit has issued an opinion on point for this issue, and, additionally, the United States' proposed reading of the statute does not seem very logical, because it requires knowledge only of engaging in a sexual act, which is not the conduct that renders an act illegal under 18 U.S.C. § 2242(2).   See May 6 Tr. at 275:4-275:10 (Court).

## LAW REGARDING CONSTRUCTION OF FEDERAL CRIMINAL STATUTES

"The Supreme Court has long recognized a 'presumption' grounded in our common law tradition that a mens rea requirement attaches to 'each of the statutory elements that criminalize otherwise innocent conduct.'"   United States v. Games-Perez, 695 F.3d 1104, 1119 (10th Cir.

---

[2]The Court's citations to the transcript of the trial refer to the court reporter's original, unedited versions.   Any final transcript may contain slightly different page and/or line numbers.

2012)(quoting United States v. X-Citement Video, Inc., 513 U.S. at 72)(citing Staples v. United States, 511 U.S. 600, 610-12 (1994); United States v. U.S. Gypsum Co., 438 U.S. 422, 437-38 (1978); Morissette v. United States, 342 U.S. 246, 250-53 (1952)).  "To be sure, a longstanding precept of criminal law is that, except in the case of 'public welfare' or 'regulatory' offenses, criminal statutory provisions should not be read to impose strict liability and should instead be construed as carrying a mens rea element when they are silent."  United States v. Ray, 704 F.3d 1307, 1312 (10th Cir. 2013)(quoting Staples v. United States, 511 U.S. at 605-06).  Observance of this principle helps to avoid "criminaliz[ing] a broad range of apparently innocent conduct." Staples v. United States, 511 U.S. at 610.  See United States v. Apollo Energies, Inc., 611 F.3d 679, 685-86 (10th Cir. 2010)("The Court in Staples held that strict liability crimes 'generally are disfavored,' and suggested some indicia of congressional intent, 'express or implied,' is necessary before courts can dispense with the traditional mens rea requirement." (quoting Staples v. United States, 511 U.S. at 606)).  The Tenth Circuit follows "a common-law presumption against penalizing defendants who have 'knowledge only of traditionally lawful conduct.'"  United States v. Saavedra, 523 F.3d 1287, 1289 (10th Cir. 2008)(quoting Staples v. United States, 511 U.S. at 617).  "When interpreting a criminal statute, 'it must be strictly construed, and any ambiguity must be resolved in favor of lenity.'"  United States v. Garcia, 939 F. Supp. 2d 1216, 1227 (D.N.M. 2013)(Browning, J.)(quoting Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 408 (2003)).  See United States v. Peshlakai, 618 F. Supp. 2d 1295, 1320 (D.N.M. 2007)(Browning J.)("[T]he rule of lenity suggests that the Court employ the more narrow interpretation)(citing United States v. Timbers, 232 F. App'x 820, 823 (10th Cir. 2007)(unpublished)("It is true, when there are two rational readings of the law, one harsher than the other, the courts are to choose the

harsher only when Congress has made its intentions clear.")[3]).   The rule of lenity's application, however, "'is limited to cases where, after reviewing all available relevant materials, the court is still left with an ambiguous statute.'"   United States v. Fillman, 162 F.3d 1055, 1058 (10th Cir. 1998)(quoting United States v. Wilson, 10 F.3d 734, 736 (10th Cir. 1993)).

"[D]etermining the mental state required for commission of a federal crime requires 'construction of the statute and . . . inference of the intent of Congress.'"   Staples v. United States, 511 U.S. at 605 (citation omitted).   The Supreme Court has stated that, normally, "a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly'" applies "to each element" in the statute.   Flores-Figueroa v. United States, 556 U.S. 646, 652 (2009)(quoting United States v. X-Citement Video, Inc., 513 U.S. at 79).   For example, in Liparota v. United States, 471 U.S. 419 (1985), the Supreme Court construed a federal food stamp statute, that said "whoever knowingly uses, transfers, acquires, alters, or possesses coupons or authorization cards in any manner not authorized by [law]" is subject to imprisonment, to criminalize only a person who both knowingly "uses, transfers, acquires, alters, or possesses," and knowingly does so "in any manner not authorized by [law]."   471 U.S. at 423.   The Supreme Court construed the statute

---

[3]United States v. Timbers is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds that United States v. Timbers has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

in this manner, notwithstanding the general premise that "ignorance of the law is no excuse." Flores-Figueroa v. United States, 556 U.S. at 652 (citing Liparota v. United States, 471 U.S. at 433).   The Supreme Court explained that to not require a person's knowledge that his or her use, transfer, acquisition, alteration, or possession was unauthorized by law would criminalize a wide swath of innocent conduct, including, for example, imposing criminal liability upon a person for that person's inadvertent receipt of food stamps through administrative error.   See Liparota v. United States, 471 U.S. at 426-27.   The Supreme Court additionally explained that requiring a mens rea of illegality is consistent with its "longstanding recognition of the principle that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'" Liparota v. United States, 471 U.S. at 427 (quoting Rewis v. United States, 401 U.S. 808, 812 (1971)).

The Supreme Court has applied these principles to interpret 18 U.S.C. § 1028A, which criminalizes aggravated identity theft. See Flores-Figueroa v. United States, 556 U.S. at 647-48. The statute reads: "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."   18 U.S.C. § 1028A(a)(1).   The Supreme Court interpreted 18 U.S.C. § 1028A to require the United States to prove that the defendant "knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'"   Flores-Figueroa v. United States, 556 U.S. at 647 (emphasis in original)(quoting 18 U.S.C. § 1028A(a)(1)).   The Supreme Court reasoned that, "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime."   Flores-Figueroa v. United States, 556 U.S. at

- 12 -

650 (quoting 18 U.S.C. § 1028A(a)(1)).   Although the United States contended that the statute did

not require it to prove that the defendant knew that the identification he possessed belonged to

another person, the Supreme Court explained that

> the Government has not provided us with a single example of a sentence that, when
> used in typical fashion, would lead the hearer to believe that the word "knowingly"
> modifies only a transitive verb without the full object, i.e., that it leaves the hearer
> gravely uncertain about the subject's state of mind in respect to the full object of the
> transitive verb in the sentence.

Flores-Figueroa v. United States, 556 U.S. at 651-52 (quoting 18 U.S.C. § 1028A(a)(1)).   The

Supreme Court noted that its interpretation of 18 U.S.C. § 1028A(a)(1) would create practical

enforcement problems, because proving a defendant's knowledge that a means of identification

belongs to another person is more difficult than proving a defendant's knowledge of possession

without lawful authority.   Flores-Figueroa v. United States, 556 U.S. at 655-56.   The Supreme

Court stated, however, that, "had Congress placed conclusive weight upon practical enforcement,

the statute would likely not read the way it now reads."   Flores-Figueroa v. United States, 556

U.S. at 656-57.   The Supreme Court, thus, held that the United States must prove that the

defendant had knowledge that "the means of identification at issue belonged to another person" to

convict under 18 U.S.C. § 1028A(a)(1).   Flores-Figueroa v. United States, 556 U.S. at 657.

Similarly, in United States v. X-Citement Video, Inc., the Supreme Court interpreted

18 U.S.C. § 2252 to require a defendant's knowledge of the subparts of the statute which

criminalizes certain activities relating to material involving the sexual exploitation of minors, and,

reads:

> (a) Any person who --
>
>> (1) knowingly transports or ships using any means or facility of interstate or
>> foreign commerce or in or affecting interstate or foreign commerce by any
>> means including by computer or mails, any visual depiction, if --

- 13 -

> **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> **(B)** such visual depiction is of such conduct;
>
> **(2)** knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if --
>
> > **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> >
> > **(B)** such visual depiction is of such conduct;
>
> . . . .

United States v. X-Citement Video, Inc., 513 U.S. at 67-68 (quoting 18 U.S.C. § 2252(a)(1)-(2)). The Supreme Court rejected what it determined was the most grammatically correct reading of the statute, which would only apply "knowingly" to the relevant verbs in subsections (1) and (2), and not subparts (A) and (B).   United States v. X-Citement Video, Inc., 513 U.S. at 69.   The Supreme Court reasoned that such a reading would create an illogical distinction between "somebody who knowingly transported a particular package of film whose contents were unknown to him, and someone who unknowingly transported that package."   513 U.S. at 69.   The Supreme Court noted its "reluctance to simply follow the most grammatical reading of the statute is heightened by our cases interpreting criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them."   United States v. X-Citement Video, Inc., 513 U.S. at 70 (citing Morissette v. United States, 513 U.S. at 70).   The Supreme Court also explained that interpreting the statute as "bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts" and concluded that it was incumbent upon

the Supreme Court to "read the statute to eliminate those doubts so long as such a reading is not plainly contrary to the intent of Congress."   United States v. X-Citement Video, Inc., 513 U.S. at 78.   For these reasons, the Supreme Court concluded that "the term 'knowingly' in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers." United States v. X-Citement Video, Inc., 513 U.S. at 78.

**ANALYSIS**

The Court will sustain Harry's Objections and will require that the United States prove beyond a reasonable doubt that Harry knew that Jane Doe was incapable of declining participation in and could not communicate unwillingness to engage in the sexual act.   The Supreme Court has construed the mens rea of similar statutes as attaching to every element of a crime.   There is a presumption that the mens rea of a crime attaches to every element that would make otherwise traditionally innocent conduct criminal.   Moreover, requiring the United States to prove only that Harry knew that he was engaging in a sexual act is inconsistent with 18 U.S.C. §§ 2241 and 2243. Additionally, the Court's construction is consistent with Tenth Circuit precedent and the precedent of other United States Courts of Appeals.   Accordingly, the Court will sustain Harry's Objections that concern the mens rea of the offense contained in 18 U.S.C. § 2242(d).

**I.      18 U.S.C. § 2242(2) REQUIRES A FINDING THAT HARRY KNEW THAT DOE COULD NOT COMMUNICATE CONSENT TO INTERCOURSE.**

"[D]etermining the mental state required for commission of a federal crime requires 'construction of the statute and . . . inference of the intent of Congress.'"   Staples v. United States, 511 U.S. at 605 (citation omitted).   The United States charges Harry with violating of 18 U.S.C. § 2242(2).   See Indictment at 1.   Section 2242 of United States Code Title 18 reads:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held

- 15 -

in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly --

. . . .

(2) engages in a sexual act with another person if that other person is --

(A) incapable of appraising the nature of the conduct; or

(B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;

or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2242.   The United States requests that the Court not require the jury to find the third element of the offense in the Court's First Set of Preliminary Instructions, which requires the jury to find beyond a reasonable doubt that Harry "knew that Jane Doe could not communicate unwillingness to engage in the sexual act."   Court's First Set at 5.   See May 6 Tr. at 273:10-274:14 (Adams, Court).   The Court determines that, based upon a proper statutory construction of 18 U.S.C. § 2242(2), Congress intended for the United States to prove beyond a reasonable doubt that Harry knew that Doe could not communicate unwillingness to engage in a sexual act.

**A.    REQUIRING THE UNITED STATES TO PROVE THAT HARRY KNEW THAT DOE WAS INCAPABLE OF COMMUNICATING HER UNWILLINGNESS TO ENGAGE IN THE SEXUAL ACT IS CONSISTENT WITH THE SUPREME COURT'S CONSTRUCTION OF SIMILAR STATUTES.**

The Supreme Court commented on a similarly-structured statute to 18 U.S.C. § 2242 in United States v. X-Citement Video, Inc., and noted that a grammatically correct reading would lead to the conclusion that "knowingly" modifies only the verbs in the subsections immediately following the term "knowingly" and not any subparts to those subsections.   513 U.S. at 67-68. The Supreme Court also noted, however, that "'far more than the simple omission of the

appropriate phrase from the statutory definition is necessary to justify dispensing with an intent requirement.'"   513 U.S. at 70 (quoting United States v. U.S. Gypsum Co., 438 U.S. at 438).   The Supreme Court concluded that, based upon canons of statutory construction and the statute's legislative history, "knowingly" not only applied to subsections (1) and (2), which deal with the transport, receipt, or distribution of sexually explicit material, but that "knowingly" also applied to subparts (A) and (B), which deals with "the sexually explicit nature of the material and to the age of the performers" described in 18 U.S.C. § 2252.[4]   United States v. X-Citement Video, Inc., 513 U.S. at 78.   When construing a different criminal statute, in Flores-Figueroa v. United States, the Supreme Court stated that "a criminal statute that introduces the elements of a crime with the word

---

[4]At the time that United States v. X-Citement Video, Inc. was decided, 18 U.S.C. § 2252 read:

**(a)** Any person who --

> **(1)** knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if --
>
> > **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> >
> > **(B)** such visual depiction is of such conduct;
>
> **(2)** knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce by any means including by computer or through the mails, if --
>
> > **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> >
> > **(B)** such visual depiction is of such conduct;

18 U.S.C. § 2252(a)(1)-(2) (1996)(amended 1998).

'knowingly'" is ordinarily interpreted as applying the knowingly mens rea to "each element." 556 U.S. at 652.

A grammatical reading of 18 U.S.C. § 2242(2) might lead the Court to conclude that the United States needs to prove only that Harry "knowingly . . . engaged in a sexual act with another person" and not that Harry had knowledge of Doe's incapacity.   18 U.S.C. § 2242(2).   Supreme Court precedent, however, indicates otherwise.   See United States v. X-Citement Video, Inc., 513 U.S. at 78; Flores-Figueroa v. United States, 556 U.S. at 652.   Section 2242 introduces the elements of the crime with the term "knowingly," 18 U.S.C. § 2242, and, as the Supreme Court has held, "a criminal statute that introduces the elements of a crime with the word 'knowingly'" is ordinarily interpreted as applying to "each element," Flores-Figueroa v. United States, 556 U.S. at 652.   Additionally, 18 U.S.C. § 2242 is structured in a similar manner to 18 U.S.C. § 2252, which the Supreme Court construed in United States v. X-Citement Video, Inc.   Compare 18 U.S.C. § 2242 with 18 U.S.C. § 2252(a).   In United States v. X-Citement Video, Inc., the Supreme Court held that the term "knowingly" applied not only to the subsections that the term preceded, but also to the subparts of those subsections.   513 U.S. at 78.   In the same way, the term knowingly in 18 U.S.C. § 2242 does not just extend to subsection (2) -- that a defendant "engage[d] in a sexual act with another person" -- but also extends to subparts (A) and (B) -- that the other person was either "incapable of appraising the nature of the conduct," or "physically incapable of declining participation in, or communicate unwillingness to engage in, that sexual act."   18 U.S.C. § 2242. The term "knowingly" modifies each subsequent element in § 2242.   See Flores-Figueroa v. United States, 556 U.S. at 652.   Section 2242(2), thus, requires the United States to prove that a defendant knew that the person was "incapable of appraising the nature of the conduct," or was

"physically incapable of declining participation in, or communicating unwillingness to engage in [the] sexual act."   18 U.S.C. § 2242.

**B.    ADOPTING THE UNITED STATES' CONSTRUCTION OF 18 U.S.C. § 2242(2) WOULD BE INCONSISTENT WITH THE CANON OF STATUTORY CONSTRUCTION THAT A CRIMINAL STATUTE SHOULD NOT ORDINARILY BE CONSTRUED IN A MANNER THAT PENALIZES A DEFENDANT FOR ONLY HAVING KNOWLEDGE OF TRADITIONALLY LAWFUL CONDUCT.**

Construing 18 U.S.C. § 2242(2) in a manner that requires the United States to prove that Harry knew that Doe was incapable of communicating her unwillingness to engage in a sexual act is consistent with the principle that a criminal statute should not be construed in a manner that penalizes knowledge of only traditionally lawful conduct.   According to the Supreme Court and the Tenth Circuit, our jurisprudence recognizes a "'presumption' grounded in our common law tradition that a mens rea requirement attaches to 'each of the statutory elements that criminalize otherwise innocent conduct.'"   United States v. Games-Perez, 695 F.3d at 1119 (quoting United States v. X-Citement Video, Inc., 513 U.S. at 72).   This presumption is based on the doctrine that a defendant should not be penalized for having knowledge "'only of traditionally lawful conduct.'"   United States v. Saavedra, 523 F.3d at 1289 (quoting Staples v. United States, 511 U.S. at 617).   Were the Court to adopt the United States' reading of 18 U.S.C. § 2242(2), the mens rea -- knowingly -- would apply only to otherwise innocent conduct -- engagement in a sexual act.

The "sexual act," in which the United States charges that Harry engaged, is defined in 18 U.S.C. § 2246(2)(A).   Indictment at 1.   This provision defines a "sexual act" as "contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight."   18 U.S.C. § 2246(2)(A). This sexual act, by itself, is not criminal -- indeed, the human race would cease to exist if the definition of "sexual act" in 18 U.S.C. § 2246(2)(A) were by itself criminal.   Accordingly,

because 18 U.S.C. § 2246(2)(A) describes otherwise innocent conduct, the Court must look to other elements of the offense to determine "the statutory elements that criminalize [this] otherwise innocent conduct."   United States v. X-Citement Video, Inc., 513 U.S. at 72.   What separates the offense described in 18 U.S.C. § 2242(2) from lawful, consensual intercourse, is that a defendant must engage in the sexual act with a person who either is "incapable of appraising the nature of the conduct," or is "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act."   18 U.S.C. § 2242(2).   These elements are the "'statutory elements that criminalize [the] otherwise innocent conduct.'"   United States v. Games-Perez, 695 F.3d at 1119 (quoting United States v. X-Citement Video, Inc., 513 U.S. at 72). According to the Supreme Court and to the Tenth Circuit, the mens rea requirement of 18 U.S.C. § 2242 must attach to these elements.   See United States v. X-Citement Video, Inc., 513 U.S. at 72; United States v. Games-Perez, 695 F.3d at 1119.   Knowingly -- the mens rea -- thus, applies to the person's incapability of appraising the nature of the sexual act, of declining participation in the sexual act, or of communicating an unwillingness to engage in the sexual act.   See 18 U.S.C. § 2242.   This construction is consistent with the "longstanding precept of criminal law" that "criminal statutory provisions should not be read to impose strict liability and should instead be construed as carrying a mens rea element when they are silent."   United States v. Ray, 704 F.3d at 1312 (citing Staples v. United States, 511 U.S. at 605-06).   Under this construction of § 2242(2), the United States must prove beyond a reasonable doubt that Harry knew that Doe was physically incapable of declining participation in and could not communicate an unwillingness to engage in the sexual act.[5]

---

[5]The Legislative History supports this construction.   Section 2242 of United States Code Title 18 is part of the Sexual Abuse Act of 1986.   See Sexual Abuse Act of 1986, Pub. L. No. 99-646, § 87, 100 Stat. 3592, 3620.   The House Report states that the Act modernized and

### C.     ADOPTING THE UNITED STATES' CONSTRUCTION OF 18 U.S.C. § 2242(2) IS INCONSISTENT WITH 18 U.S.C. §§ 2241 AND 2243.

If Congress had intended for "knowingly" in 18 U.S.C. § 2242(2) to apply only to a defendant's engagement in a sexual act, and not to the mental state of an alleged victim, Congress would have indicated so in the statute.   Section 2242 was enacted as part of the Sexual Abuse Act of 1986.   See Sexual Abuse Act of 1986, Pub. L. No. 99-646, § 87, 100 Stat. 3592, 3620. Congress also enacted 18 U.S.C. §§ 2241 and 2243 as part of the Sexual Abuse Act of 1986.   See Sexual Abuse Act of 1986, Pub. L. No. 99-646, § 87, 100 Stat. 3592, 3620.   The relevant portion of § 2241 reads:

> **(c) With children.** -- Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b)[6] with another person who has

---

reformed the federal rape provisions by

> (1) defining the offenses in gender neutral terms; (2) defining the offenses so that the focus of a trial is upon the conduct of the defendant, instead of upon the conduct or state of mind of the victim; (3) expanding the offenses to reach all forms of sexual abuse of another; (4) abandoning the doctrines of resistance and spousal immunity; (5) and expanding Federal jurisdiction to include all Federal prisons.

H.R. Rep. 99-594, 10-11.   By requiring the United States to prove that Harry knew that Doe was incapable of communicating an unwillingness to engage in the sexual act, the "focus of [the] trial is upon the conduct of" Harry and not the "conduct or state of mind of" Doe.   H.R. Rep. 99-594, 10. Requiring the United States to prove only that Doe was incapable of communicating would place the focus on Doe's state of mind, while requiring the United States to prove that Harry was aware of Doe's incapability places the focus back onto Harry and his conduct.   See H.R. Rep. 99-594, 10.

[6]Subsections (a) and (b) of § 2241 provide:

> **(a) By force or threat.** -- Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution,

attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life . . . .

18 U.S.C. § 2241(c).   The relevant portion of § 2243 reads:

**(a) Of a minor.** -- Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who --

---

or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act --

**(1)** by using force against that other person; or

**(2)** by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(b) By other means.** -- Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly --

**(1)** renders another person unconscious and thereby engages in a sexual act with that other person; or

**(2)** administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby--

**(A)** substantially impairs the ability of that other person to appraise or control conduct; and

**(B)** engages in a sexual act with that other person;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a)-(b).

(**1**) has attained the age of 12 years but has not attained the age of 16 years; and

(**2**) is at least four years younger than the person so engaging;

or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C. § 2243(a).

Sections 2241(c) and 2243(a) both criminalize "knowingly" engaging in a "sexual act" and then describe the necessary circumstances in which that act must occur, including that the other person is below a certain age.   18 U.S.C. §§ 2241, 2243(c).   Sections 2241 and 2243, however, each provide a caveat which states that the United States need not prove that a defendant knew the age of the person.[7]   See 18 U.S.C. §§ 2241(d), 2243(d).   Section 2241(d) provides: "(**d**) **State of mind proof requirement.** -- In a prosecution under subsection (c) of this section, the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of 12 years."   18 U.S.C. § 2241(d).   Section 2243(d) provides:

(**d**) **State of mind proof requirement.** -- In a prosecution under subsection (a) of this section, the Government need not prove that the defendant knew --

(**1**) the age of the other person engaging in the sexual act; or

(**2**) that the requisite age difference existed between the persons so engaging.

---

[7]Not requiring proof that a defendant knew the person's age in 18 U.S.C. §§ 2241 and 2243 is consistent with the common-law doctrine that the mens rea of an offense attach to every element of the offense that criminalizes otherwise innocent conduct.   See United States v. X-Citement Video, Inc., 513 U.S. at 72.   As the Supreme Court noted in Morissette v. United States, the common law developed a few exceptions to the general rule that every crime requires a "'vicious will'" or mens rea.   342 U.S. at 251 (quoting 4 William Blackstone, Commentaries *21).   These exceptions included "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." Morissette v. United States, 342 U.S. at 251 n.8.   Congress not requiring proof that a defendant knew the age of the person in §§ 2241 and 2243 is, thus, consistent with the common-law definition of rape and the common-law mens rea requirements.   See Morissette v. United States, 342 U.S. at 251 n.8.

18 U.S.C. § 2243.

Sections 2241 and 2243 each criminalize a defendant "knowingly" engaging in a sexual act and then state the circumstances that must be present, specifically the age of the other person. 18 U.S.C. §§ 2241, 2243.   For both sections, Congress thought it necessary to specifically state that the term "knowingly" applied only to the sexual act element and not the age elements, which followed the sexual act element.   18 U.S.C. §§ 2241, 2243.   In Rodriguez v. United States, the Supreme Court noted that, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."   Rodriquez v. United States, 480 U.S. 522, 525 (1987)(quoting Russello v. United States, 464 U.S. 16, 23 (1983)).   Sections 2241, 2242, and 2243 are part of the Sexual Abuse Act, and they each apply to "knowingly" committing a sexual act, which is then followed by circumstances describing the sexual act. 18 U.S.C. §§ 2241, 2242, 2243.   Congress added clarification in §§ 2241 and 2243 that the United States need prove only that a defendant engaged in the sexual act and not that the person was of a certain age, while § 2242 contains no such clarification.   See 18 U.S.C. §§ 2241, 2242, 2243. Sections 2241(d) and 2243(d), thus, indicate that, absent these explicit exceptions, the term knowingly would apply to every element of the offenses, including the person's age.[8]   See 18 U.S.C. §§ 2241(d), 2243(d).   If the term "knowingly" only applies to the element of engaging in a sexual act and not to the elements that followed the sexual act element, then there would be no

---

[8]The legislative history supports this interpretation.   The House Report notes that, "[a]bsent this provision [subsection (d)], the government would have had to prove that the defendant knew that a victim was less than 12 years old, since the state of mind required for the conduct -- knowing -- is also required for the circumstances of the victim's age."   H.R. Rep. 99-594, 15 n.59.   The House Report indicates that, without the limitations in § 2241(d), the term knowingly would apply to every element, including the person's age.   See H.R. Rep. 99-594, 15 n.59.

need to clarify in §§ 2241(d) and 2243(d) that the term knowingly did not apply to the elements following the sexual act element.   18 U.S.C. §§ 2241(d), 2243(d).   Because Congress placed language in §§ 2241(d) and 2243(d) that explicitly states that the United States need not prove that a defendant knowingly committed certain elements that follow the sexual act element, and applying the rationale from Rodriquez v. United States, the exclusion of an exception in § 2242 indicates that Congress intended the term knowingly to apply both to the element of engaging in the sexual act and the elements following the sexual act element -- the person's incapacity.   See 18 U.S.C. § 2242(2).

Additionally, the United States' construction makes the language in § 2241(d) and § 2243(d) superfluous.   The Supreme Court noted in Bennet v. Spear, 520 U.S. 154 (1996), that "[i]t is the 'cardinal principle of statutory construction that it is our duty to give effect, if possible, to every clause and word of a statute rather than to emasculate an entire section.'"   520 U.S. at 173 (quoting United States v. Menasche, 348 U.S. 528, 538 (1955))(alterations omitted)(internal quotation marks omitted).   If the term knowingly applied only to the sexual act element and not to the elements that followed, then there would be no reason for Congress to provide exceptions in §§ 2241(d) and 2243(d) which state that the term knowingly does not apply to the person's age -- elements that followed the sexual act element.   See 18 U.S.C. §§ 2241, 2243.   Instead, the exceptions in §§ 2241(d) and 2243(d) have meaning only if the statutes are construed in such a way that the term knowingly applies to all of the elements that follow the sexual act element in the absence of the exceptions.   Because §§ 2241, 2242, and 2243 are all part of the same Act -- the Sexual Abuse Act -- and because United States v. Rodriguez indicates that different sections within the same Act should be construed together, see 464 U.S. at 23, the term knowingly in § 2242(2) must apply not to only the sexual act element but also to the elements that follow the

sexual act element -- that the person was incapable of declining participation in the sexual act or

communicating unwillingness to engage in the sexual act.   See 18 U.S.C. § 2242(2).

The Eighth Circuit has reached a similar conclusion, using similar reasoning.   See United

States v. Bruguier, 735 F.3d 754, 61 (8th Cir. 2013)(en banc).

> The Supreme Court has recognized a general rule of statutory construction that
> "where Congress includes particular language in one section of a statute but omits it
> in another section of the same Act, it is generally presumed that Congress acts
> intentionally and purposely in the disparate inclusion or exclusion."   Rodriguez v.
> United States, 480 U.S. 522, 525 . . . (1987)(internal quotation and alteration marks
> omitted).   Here, all three statutes included in the same Act make it illegal for a
> defendant to "knowingly" engage in certain "sexual acts."   Sections 2241 and
> 2243 explicitly limit the application of "knowingly," while section 2242 does not.
> Thus, reading section 2242(2) in the broader context of the Act, and applying
> Rodriguez's presumption that "disparate inclusion or exclusion" of statutory
> language is intentional, Rodriguez, 480 U.S. at 525 . . . reinforces the conclusion
> that "knowingly" in section 2242(2) applies to the victim-incapacity element of the
> offense.   See also Holder v. Humanitarian Law Project, 561 U.S. 1 . . .
> (2010)(rejecting interpretation of statute as "untenable in light of the sections
> immediately surrounding" it because "Congress did not import the intent language
> of those provisions" into the statute at issue); Hui v. Castaneda, 559 U.S. 799, 807
> . . . (2010)(noting that "explicit exception" in one statute was "powerful evidence"
> that similar statutes did not "imply such an exception"); Northcross v. Bd. of Educ.,
> 412 U.S. 427, 428 . . . (1973)(noting that "similarity of language" in two different
> statutes was "strong indication that the two statutes should be interpreted" the
> same).
>
> Moreover, interpreting the knowledge requirement in section 2242(2) to extend
> only to knowledge of the sexual act would raise interpretive concerns with sections
> 2241 and 2243.   As discussed above, Rodriguez instructs that sections 2241(c),
> 2242(2), and 2243(a) should be read together.   If section 2242(2)'s knowledge
> requirement were construed to apply only to knowledge of the sexual act, then this
> same construction logically should apply to the knowledge requirement in sections
> 2241(c) and 2243(a).   Doing so, however, would render superfluous sections
> 2241(d) and 2243(d), both of which explicitly narrow the respective statutes'
> knowledge requirements.   This would run afoul of "the cardinal principle of
> statutory construction that it is our duty to give effect, if possible, to every clause
> and word of a statute."   Bennett v. Spear, 520 U.S. 154, 173 . . . (1997)(internal
> quotation and alteration marks omitted); cf. Safeco Ins. Co. of Am. v. Burr, 551
> U.S. 47, 58 . . . (2007)(recognizing "the interpretive assumption that Congress
> knows how we construe statutes and expects us to run true to form"); Albernaz v.
> United States, 450 U.S. 333, 341 . . . (1981)("Congress is predominately a lawyer's

body, and it is appropriate for us to assume that our elected representatives know the law." (internal quotation marks, alteration marks, and citations omitted)).

In summary, <u>Staples</u> and <u>Flores-Figueroa</u> create a presumption that "knowingly" in section 2242(2) requires a defendant to know the victim was "incapable of appraising the nature of the conduct" or "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act," § 2242(2).  <u>See</u> <u>Flores-Figueroa</u>, 556 U.S. at 652 . . . ; <u>Staples</u>, 511 U.S. at 606 . . . . <u>Flores-Figueroa</u> instructs that this presumption can be rebutted where the "context" or "background circumstances" of a statute lead to a different reading.  <u>See</u> <u>Flores-Figueroa</u>, 556 U.S. at 652 . . . .   Here, however, looking at the broader statutory context reinforces this presumption.   Sections 2241 and 2243, passed into law as part of the same Act, include provisions explicitly limiting those statutes' mens rea requirements, and we presume that Congress intentionally omitted similar limiting language from section 2242.   <u>See</u> <u>Humanitarian Law Project</u>, 130 S. Ct. at 2717-18; <u>Hui</u>, 559 U.S. at 807 . . . ; <u>Rodriguez</u>, 480 U.S. at 525 . . . .   Moreover, adopting a narrower construction of the knowledge requirement in section 2242(2) would create interpretative problems with sections 2241 and 2243, since it would render superfluous the provisions of those two statutes that place limits on the reach of "knowingly."   <u>See</u> <u>Bennett</u>, 520 U.S. at 173 . . . .   Thus, looking at the language of the statute and applying settled rules of statutory construction compels the conclusion that "knowingly" in section 2242(2) applies to each element of the offense.

<u>United States v. Bruguier</u>, 735 F.3d at 759-61 (alterations and footnote omitted).   To give §§ 2241(d) and 2243(d) meaning, the Court concludes that § 2242(2) requires the United States to prove that Harry knew that Doe was incapable of decline participation in the sexual act or of communicating unwillingness to engage in the sexual act.[9]

---

[9]The rule of lenity is inapplicable in this case, because the construction and application of 18 U.S.C. § 2242(2) are not ambiguous.   <u>See</u> <u>United States v. Fillman</u>, 162 F.3d at 1058 (noting that the rule of lenity only applies if a statute is still ambiguous after reviewing all relevant materials).   The Court's construction of § 2242(2), however, would be the same if the Court found that the statute were ambiguous, because the Court is adopting the narrower construction of § 2242(2) and is construing § 2242(2) in Harry's favor.   <u>See</u> <u>United States v. Garcia</u>, 939 F. Supp. 2d at 1227.

## II.   THE COURT'S CONSTRUCTION OF 18 U.S.C. § 2242(2) IS CONSISTENT WITH TENTH CIRCUIT PRECEDENT AND THE PRECEDENT OF OTHER CIRCUITS.

Requiring the United States to prove beyond a reasonable doubt that Harry knew that Doe was incapable of declining participation in or incapable of communicating unwillingness to engage in the sexual act is consistent with Tenth Circuit precedent.   This request is also consistent with precedent of other United States Courts of Appeals.   While the Tenth Circuit has not explicitly held that 18 U.S.C. § 2242(2) requires proof that a defendant knew that the person was incapacitated, the one Tenth Circuit case to determine the sufficiency of the evidence to support a conviction under § 2242(2) pointed to evidence that would support a conviction under the Court's construction of § 2242(2).   Additionally, several United States Courts of Appeals have held that § 2242(2) requires proof that a defendant knew of the person's incapacity.

### A.   THE COURT'S CONSTRUCTION OF 18 U.S.C. § 2242(2) IS CONSISTENT WITH TENTH CIRCUIT PRECEDENT.

The Tenth Circuit has not explicitly held whether 18 U.S.C. § 2242(2) requires the United States to prove that a defendant knew that the person was incapable of appraising the nature of the conduct, or physically incapable of declining to participate in the sexual act or communicate an unwillingness to engage in the sexual act.   Tenth Circuit cases applying § 2242(2), however, are consistent with the Court's construction of § 2242(2).

In United States v. Smith, the Tenth Circuit affirmed a defendant's conviction under 18 U.S.C. § 2242(2) by holding that there was sufficient evidence to support the conviction.   See 606 F.3d at 1282.   The defendant argued that there was insufficient evidence to support a jury "finding that he acted knowingly and that [the victim] was unable to communicate unwillingness to partake in the sexual act."   606 F.3d at 1281.   The Tenth Circuit held that there was sufficient evidence to sustain the defendant's conviction, by pointing to the following evidence:

• Jane Doe was heavily intoxicated before the assault and wished to sleep in the hogan; she fell asleep on a couch in the hogan around 2:00 a.m.

• Some time later, Jane Doe, who had been sleeping on her stomach, woke up to find Smith on top of her and engaged in sex.

• At first, Jane Doe believed she was dreaming; when she realized what was actually happening, she pushed Smith off of her and pulled up her pants.

• Sometime later, Jane Doe fled the hogan and sought assistance at a neighbor's trailer, shouting, "Help me, help me.   He raped me."

• Smith's later written confession states, "I had sex with her.   I pulled down her pants.   I had sex with her for 30 minutes, while she was asleep."

• During his interview with Agent Sayegh, Smith, in addition to writing the confessional statement discussed above, admitted having sex with Jane Doe while she was asleep.

• Smith never stated that Jane Doe agreed to have sex with him.

606 F.3d at 1281 (alterations omitted)(citations omitted).   In determining that there was sufficient evidence to support the conviction, the Tenth Circuit pointed to evidence that the defendant admitted that he had sex with the victim while the victim was asleep.   See 606 F.3d at 1281. There was sufficient evidence to find that the defendant knew that the victim was incapable of communicating her unwillingness to participate in sex.   See 606 F.3d at 1281.   While the Tenth Circuit did not state that the jury had to find that the defendant knew of the victim's incapacity, the evidence to which the Tenth Circuit pointed was sufficient to make such a finding.   See 606 F.3d at 1281.   The holding in United States v. Smith is, thus, consistent with the Court's construction of 18 U.S.C. § 2242(2).

## B.     THE COURT'S CONSTRUCTION OF 18 U.S.C. § 2242(2) IS CONSISTENT WITH THE DECISIONS OF OTHER UNITED STATES COURTS OF APPEALS.

The Court's construction of 18 U.S.C. § 2242(2) is consistent with the construction of other Courts of Appeals.   Under § 2242(2), several Courts of Appeals have required the United States to

show that a defendant knew that the person was incapable of declining participation or incapable of communicating an unwillingness to engage in the sexual act.

In United States v. Peters, 277 F.3d 963 (7th Cir. 2002), the United States Court of Appeals for the Seventh Circuit, in an opinion that Judge Kanne authored, and Judges Posner and Ripple joined, held that there was insufficient evidence to support a conviction under § 2242(2).   See 277 F.3d at 968.   The Seventh Circuit noted that the evidence presented at trial revealed:

> (1) that on August 11, 1999, Barbara consumed a large quantity of alcohol; (2) that at around 10:30 p.m., Barbara and Peters were still awake; (3) that Barbara passed out on the living room floor; (4) that Peters asked Barbara to go to the rear bedroom at about 11:00 p.m.; (5) that sometime before 12:30 a.m., Barbara and Peters engaged in a sexual act; (6) that at about 12:30 a.m. on August 12, 1999, Jonnie and Donna found Barbara in the rear bedroom; and (7) that Barbara does not remember how she got to the rear bedroom or the sexual encounter with Peters.

United States v. Peters, 277 F.3d at 967.   The Seventh Circuit held that, based on this evidence, or lack of evidence concerning the time that the sexual act occurred, a "rational trier of fact could [not] have found beyond a reasonable doubt that" the victim was "physically incapable of declining participation in the sexual act."   277 F.3d at 968.   The Seventh Circuit additionally held that there was insufficient evidence to prove that the defendant "knowingly engaged in a sexual act with [the victim] when she was physically incapable of declining participation in the sexual act."   277 F.3d at 968.   The Seventh Circuit held that, because there is insufficient evidence to show that the victim was incapable of declining participation, it could not "conclude that [the defendant] knew that [the victim] was physically incapable of declining participation in the sexual act."   277 F.3d at 968 (emphasis in original).   To prove "knowingly," the Seventh Circuit did not only require evidence that the defendant knew he was engaging in a sexual act, but also evidence that the defendant knew that the victim was physically incapable of declining

participation in the act.   277 F.3d at 968.   This construction of § 2242(2) is consistent with the one that the Court adopts today.

As noted above, the Eighth Circuit has adopted a similar construction of § 2242(2).   The Eighth Circuit first held that § 2242(2) requires proof of a "defendant's knowledge that the other person was incapacitated" in United States v. Rouillard.   701 F.3d 861 vacated, reh'g granted (Mar. 4, 2013).   That decision was, however, vacated and rehearing was granted. See United States v. Rouillard, 740 F.3d 1170 (8th Cir. 2014).   After the decision in United States v. Rouillard was vacated, the Eighth Circuit, en banc, in United States v. Bruguier, held that the term "'knowingly' in section 2242(2) applies to each element of the offense."   735 F.3d at 754.   In United States v. Bruguier, the Eighth Circuit, en banc, relied on the presumption that Congress intended for §§ 2241, 2242, and 2243 to be read together, and that knowingly had to apply to each element in § 2242(2), to prevent inconsistency with §§ 2241(d) and 2243(d).   See 735 F.3d at 760-61.   Because of the en banc decision in United States v. Bruguier, when the Eighth Circuit reheard United States v. Rouillard, it reaffirmed that the United States must prove "that the defendant ha[s] knowledge not only that he or she is engaging in a sexual act, but also that the victim is incapacitated."   740 F.3d at 1171.

In an unpublished memorandum, the United States Court of Appeals for the Ninth Circuit indicated that, under § 2242(2), the United States must prove that a defendant knew that the victim was incapacitated.   See United States v. Jones, 85 F. App'x 569 (9th Cir. 2003)(mem.).   In United States v. Jones, the defendant appealed a conviction under § 2242(2), arguing that there was insufficient evidence to support his conviction.   See 85 F. App'x at 569.   The Ninth Circuit, through a panel of Judges Brunetti, T.G. Nelson, and Graber, affirmed the conviction, holding that there "was sufficient evidence to support [the defendant's] conviction."   85 F. App'x at 569.

- 31 -

Specifically the Ninth Circuit held that there was sufficient evidence "to support the findings that [the] victim was incapacitated and that [the defendant] was <u>aware</u> of her incapacitation."  85 F. App'x at 569 (emphasis added).   The Ninth Circuit, thus, relied on evidence of the defendant's awareness -- or knowledge -- that the victim was incapacitated in affirming the conviction.  <u>See</u> F. App'x at 569.   This holding is consistent with the Court's construction of § 2242(2). Requiring the United States to prove beyond a reasonable doubt that Harry knew that Doe was physically incapable of declining participation in the sexual act or communicating an unwillingness to engage in the sexual act is consistent with Tenth Circuit precedent and with the precedent from other Courts of Appeals.[10]

_____

[10]The Seventh and Ninth Circuit pattern jury instructions for a violation of 18 U.S.C. § 2242(2) do not include a separate element that a defendant knew of the person's incapacity. The Seventh Circuit pattern jury instructions read:

> In order for you to find [a; the] defendant guilty of this charge, the government must prove each of the [three] following elements beyond a reasonable doubt:

> 1. That the defendant knowingly [engaged in] [caused] sexual contact with [name of victim]; and

> 2. [Name of victim] was [incapable of recognizing the nature of the conduct] [physically incapable of declining participation in that sexual contact] [physically incapable of communicating unwillingness to engage in that sexual act]; and

> 3. That the defendant's actions took place [within the special maritime jurisdiction of the United States] [within the territorial jurisdiction of the United States] [in a Federal prison].

Pattern Criminal Jury Instructions of the Seventh Circuit at 574 (2012).   The Ninth Circuit model jury instructions read:

> In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly engaged in a sexual act with [*name of victim*];

III.   **THE COURT WILL OVERRULE SOME AND SUSTAIN SOME OF HARRY'S REMAINING OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS.**

Harry makes a number of objections to the United States' Proposed Jury Instructions.   See Objections ¶¶ 1-10, at 1-6.   The Court has not yet proposed a set.   The Court will overrule some and sustain some of the remaining objections that Harry asserts to the United States' Proposed Jury Instructions.   See Objections ¶¶ 1-10, at 1-6.

A.   **THE COURT WILL OVERRULE HARRY'S FIRST OBJECTION.**

Harry objects to presenting the instructions to the jury before evidence is presented and requests that the Court only present the instructions before closing arguments.   See Objections

---

Second, [*name of victim*] was [incapable of appraising the nature of the conduct] [physically incapable of declining participation in, or communicating unwillingness to engage in that sexual act]; and

Third, the offense was committed at [*specify place of federal jurisdiction*].

Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.172, at 362 (2010).   The Tenth Circuit Pattern Jury Instructions do not include an instruction on violations of § 2242(2).   See 10th Cir. Jury Instructions §§ 1.01-3.12, at 2-378.

Both the Seventh and Ninth Circuit pattern jury instructions state that the pattern instructions are meant to assist judges and lawyers and that they have not been approved to be used in any specific case.   See Pattern Criminal Jury Instructions of the Seventh Circuit at ii (2012)("[A]lthough [the pattern jury instructions] have not been approved for use in any specific case, the [Seventh Circuit Judicial] Council has authorized the publication of these Pattern Instructions as an aid to judges and lawyers practicing criminal law in those courts."); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit at iv (2010)("The Ninth Circuit Court of Appeals does not adopt these instructions as definitive.").   Moreover, the Seventh Circuit has held that the pattern jury instructions at times stated the incorrect law and that a district court was right to not use the pattern instructions.   See United States v. Nichols, 910 F.2d 419, 422 (7th Cir. 1990).   Even though the Seventh and Ninth Circuit pattern jury instructions contain do not require the United States to prove that a defendant knew of the person's incapacity under 18 U.S.C. § 2242(2), the instructions are not binding, see Pattern Criminal Jury Instructions of the Seventh Circuit at ii (2012); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit at iv (2010), and the pattern instructions are contrary to the law in both the Seventh and Ninth Circuits, see United States v. Peters, 277 F.3d at 968; United States v. Jones, 85 F. App'x at 569.

¶ 1, at 1.   It is unclear what Harry means with this Objection.   He does not appear to object to any preliminary instructions, but only to the United States' proposed preliminary instruction.   And then, he objects only to a part of the United States' proposed instruction.   Specifically, Harry appears to object to giving the jury the elements of the charged offense in the preliminary instructions.   See Objections ¶ 1, at 1.   Instead of providing the elements before the evidence is presented, Harry requests the Court provide a simpler instruction that includes, in part: "After you have heard all the evidence on both sides, I will instruct you on the rules of law, which you are to use in reaching your verdict."   Objections ¶ 1, at 1.   The Court will overrule this objection.   The Tenth Circuit Pattern Jury Instructions provides for a detailed preliminary instruction that includes stating the elements of the charged offense.   See 10th Cir. Jury Instructions § 1.01, at 2-5.   It is true that the Tenth Circuit Pattern Jury Instructions give the Court the option whether to include the elements preliminary instructions.   See 10th Cir. Jury Instructions § 1.01, at 4 ("Insert discussion of the elements of the offense here if they are to be set out for the jury in the preliminary instruction").   The reason that the Court always tries to set out the elements of the alleged offense is twofold.   First, the Court thinks it is helpful to the jury, as it follows the evidence and hears opening statements, to have a roadmap of what it needs to find.   The Benchbook for U.S. District Court Judges is more direct in its suggest that district court judges give the elements of the alleged offense:

> ***Summary of applicable law***
>
> In this case the defendant is charged with _____.   I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.   But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove to make its case.
> [Summarize the elements of the offense.]

Federal Judicial Center, <u>Benchbook for U.S. District Court Judges</u> § 2.07, at 94 (6th ed. March 2013).

The <u>Benchbook</u>'s form provides instructions for civil cases, in contrast, is more discretionary:

> **Summary of applicable law**
> [*Note:* A summary of the elements may not be appropriate in some cases.]
> In this case, the plaintiff claims that _____; the defendant claims that _____.   I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.   But in order to help you follow the evidence, I will now give you a brief summary of the elements which the plaintiff must prove to make his [her] case: [here summarize the elements].

<u>Benchbook for U.S. District Court Judges</u> § 6.06, at 216.

There is, however, another reason why it is wise for the Court to set out the elements of the crime charged in the preliminary jury instructions.   The instructions setting forth the elements that the jury must find beyond a reasonable doubt to convict is one of -- if not the most -- important jury instructions that the Court gives at trial.   It is surprising how often attorneys start the trial without knowing what elements need to be proved.   That situation is not good.   Figuring out the elements is somewhat difficult, and that task does not getter better with time.   It is better to do that hard work early and not wait until the final instructions, when the trial is come to a close and there is pressure to get the case into the jury's hands.   Thus, in conformity with the pattern jury instructions, and the tradition of this Court in listing the elements of the charged offense in the preliminary instructions, the Court will overrule Harry's first objection.   <u>See</u> Objections ¶ 1, at 1.

**B.   THE COURT WILL OVERRULE IN PART AND SUSTAIN IN PART HARRY'S THIRD OBJECTION.**[11]

Harry makes a number of objections to the United States' Requested Instruction No. 1, which sets out the United States' proposed preliminary instruction.   See Objections ¶ 3, at 3-4. Harry argues that the United States incorrectly summarizes the Indictment.   See Objections ¶ 3, at 3.   The United States summarizes the Indictment as follows:

> The indictment charges the defendant with knowingly engaging in a sexual act with Jane Doe, who could not communicate unwillingness to engage in the sexual act, or was incapable of appraising the nature of the conduct.   The indictment charges the defendant with engaging in the sexual act of contact between the Defendant's penis and the vulva of Jane Doe.

U.S. Instructions at 3.   Harry argues that the Indictment should be summarized as follows:

> The indictment charges the defendant [sic] knowingly engaging in a sexual act with Jane Doe knowing that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act.   The sexual act alleged is the penetration of the genital opening of Jane Doe by the defendant's penis.

Objections ¶ 3, at 3.   The Court will overrule this objection in part and sustain it in part.   The Court will overrule the objection as to the first sentence.   The United States will be required to prove beyond a reasonable doubt that Harry knew of Doe's physical incapacity, but, in summarizing the indictment, stating that Harry is charged with knowingly engaged in the sexual act and knowing of Doe's physical incapacities is unnecessary.   18 U.S.C. § 2242(2) prefaces the elements of the offense with the word "knowingly" and does not restate the word "knowingly," or another variable of the word, before each element.   18 U.S.C. § 2242(2).   As Harry argued, while

---

[11]Harry's second objection concerns the additional element, which the United States must prove beyond a reasonable doubt, that the "Defendant had knowledge that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act."   Objections ¶ 2, at 3.   The Court sustains this objection, but because the majority of the Memorandum Opinion and Order discusses this objection, the Court will not address it here.

the term "knowingly" is stated only once in § 2242(2), it applies to each subsequent element.   See Objections ¶ 2, at 1-3.   The United States' proposed instruction is consistent with the structure of § 2242(2), see U.S. Instructions at 3, and, as such, the Court finds it unnecessary to repeat the word "knowing" in summarizing the Indictment in the preliminary instructions.   As for the second sentence, the Court will sustain the Objection.   The term "genital opening" is likely more familiar to most jurors than the term "vulva" and the definition of the "sexual act" requires proof of penetration.   18 U.S.C. § 2246(2)(A).   The Court will overrule Harrys objection as it pertains to his first requested sentence and will sustain Harry's objection as it pertains to the second requested sentence.

Harry also requests the following language be added to the United States' Requested Instruction No. 1:

> During the course of the trial, you will receive all the evidence you properly may consider to decide the case.   After you have heard all the evidence on both sides, I will instruct you on the rules of law, which you are to use in reaching your verdict. The final part of trial occurs when then Government and Defense will each be given time for their final arguments.

Objections ¶ 3, at 4.   The second and third sentences of Harry's requested language is already contained the United States' Requested Instruction No. 1.   See U.S. Instruction at 5.   Harry's request is, thus, asking the Court to include the first sentence of his requested language.   The United States' Requested Instruction No. 1 is consistent with the language of the Tenth Circuit Pattern Jury Instructions.   See 10th Cir. Jury Instructions § 1.01, at 4.   Harry's requested sentence is not included in the pattern jury instructions at that place, but another place in the pattern instructions.   See 10th Cir. Jury Instructions § 1.01, at 5.   In conformity with the pattern jury instructions, the Court will overrule this request in Harry's third objection to add his requested language in this part of the preliminary instructions.

Harry also requests that the second element to the charged offense state that the "Defendant had knowledge that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act."   Objections ¶ 3, at 4.   Because the Court concludes that 18 U.S.C. § 2242(2) requires the United States to prove beyond a reasonable doubt that Harry knew of Doe's incapacity, the Court will sustain this request in Harry's third objection.

### C.      THE COURT WILL SUSTAIN HARRY'S FOURTH OBJECTION.

The Court will sustain Harry's fourth objection.   <u>See</u> Objections ¶ 4, at 4.   The United States proposes the following language in its Requested Instruction No. 8:

> During the trial you heard the testimony of Julie Kysar, a Sexual Assault Nurse Examiner, who expressed opinions concerning the nature of the injuries to Jane Doe that were identified during the sexual assault examination Jane Doe submitted to the day of the charged crimes.   You also heard testimony from Erin Higgins and Erin Daniel, Criminalists with the Arizona Department of Public Safety, who expressed opinions regarding the serology and DNA testing related to this case.

U.S. Instructions at 15.   Harry requests the Court use the following language: "Julie Kysar, a nurse, expressed opinions concerning the examination she performed on Jane Doe. You also heard testimony from Erin Higgins and Erin Daniel, who expressed opinions regarding the serology and DNA testing related to this case."   Objections ¶ 4, at 4.   The Court thinks it is unnecessary to describe Kysar as a "Sexual Assault Nurse Examiner" rather than merely as a nurse. Additionally, describing Higgins and Daniel as criminalists is potentially confusing, and it is unnecessary to state that they are from the Arizona Department of Public Safety.   They can explain their practices at trial; there is no good reason for the Court to unnecessarily elevate them in the eyes of the jury with its instruction, and put its thumb on the scales in favor of the United States' evidence.   Accordingly, the Court will sustain Harry's fourth objection.

### D.    THE COURT WILL SUSTAIN HARRY'S FIFTH OBJECTION.

The Court will sustain Harry's fifth objection.   See Objections ¶ 5, at 4.   The United States' Requested Instruction No. 9 states: "An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.   The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony."   U.S. Instructions at 16. Harry objects to this instruction by arguing that it is a "self-serving affirmation entirely favoring one side, and improperly bolsters that side's position."   Objections ¶ 5, at 4.   The Court will sustain this objection.   The Tenth Circuit Pattern Jury Instructions contain no similar instructions. See 10th Cir. Jury Instructions §§ 1.01-3.12, at 2-378.   Additionally, Harry may argue at trial that the United States coached its witnesses into testifying in a certain manner in an attempt to impeach them.   This instruction may be incorrectly interpreted by the jurors to require them to disregard this impeachment argument.   Furthermore, if only the United States talked to the witnesses -- and in most criminal cases, most of the evidence at trial is the United States' witnesses -- such an instruction may emphasize the United States' evidence, and put the Court's thumb on the scale in favor of the United States' case.   To promote conformity with the pattern jury instructions, to prevent jury confusion, and to be completely unfair to Harry and his case and evidence, the Court will sustain Harry's fifth objection.   See Objections ¶ 5, at 4.

### E.    THE COURT WILL SUSTAIN IN PART AND OVERRULE IN PART HARRY'S SIXTH OBJECTION.

The Court will sustain in part and overrule in part Harry's sixth objection.   See Objections ¶ 6, at 4-5.   Harry requests that the second element of the charged offense state: "Second: that Defendant had knowledge that Jane Doe was physically incapable of declining participation in and could not communicate unwillingness to engage in the sexual act."   Objections ¶ 6, at 5. Because the Court concludes that the United States is required to prove beyond a reasonable doubt

that Harry knew of Doe's physical incapacity, the Court will sustain this part of Harry's sixth objection.   Harry also requests that the fifth and sixth elements of the offense use the term "alleged offense" instead of the term "sexual abuse."   Objections ¶ 6, at 5.   The Court will sustain this objection in part and overrule it in part.   To avoid confusion of whether the charged offense constitutes sexual abuse, the court will replace the term "sexual abuse" with the term "offense." Additionally, the Seventh and Ninth Circuit pattern jury instructs do not use the term "sexual abuse" but instead use the terms "defendant's actions" and "offense."   Pattern Criminal Jury Instructions of the Seventh Circuit at 574 ("That the defendant's actions took place [within the special maritime jurisdiction of the United States] [within the territorial jurisdiction of the United States] [in a Federal prison]."); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.172, at 362 ("Third, the offense was committed at [*specify place of federal jurisdiction*]" (alterations and emphasis in original)).   The Court will not, however, preface the term "offense" with the term "alleged."   If the jury must find the element beyond a reasonable doubt, it does not find an alleged offense, but an offense.   Harry's sixth objection is, thus, sustained in part and overruled in part.

### F.    THE COURT WILL SUSTAIN HARRY'S SEVENTH OBJECTION.

The Court will sustain Harry's seventh objection.   See Objections ¶ 7, at 5.   The United States' Requested Instruction No. 12 states:

> You will note that the indictment charges that the crimes were committed on or about May 6, 2010.   The government does not have to prove that the crimes were committed on this exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes reasonably near May 6, 2010.

U.S. Instructions at 19.   Harry argues that the second sentence should remain identical to the pattern jury instructions, which read: "The government must prove beyond a reasonable doubt that

the defendant committed the crime reasonably near [date]."   Objections ¶ 7, at 5 (quoting 10th Cir. Jury Instructions § 1.18, at 32)(emphasis removed)(alteration in original).   The Court concludes that the pattern jury instructions are clearer and less verbose than the United States requested instruction; there does not appear to be a substantial difference between the two sections. The Court will, thus, sustain Harry's seventh objection.

### G.   THE COURT WILL SUSTAIN HARRY'S EIGHTH OBJECTION.

The Court will sustain Harry's eighth objection.   See Objections ¶ 8, at 5.   The United States' Requested Instruction No. 13 states:

> The voluntary flight of a Defendant immediately after being accused of a crime that has been committed is not sufficient in itself to establish guilt, but it is a circumstance which, if proved, you may consider in the light of all other evidence of the case, in determining guilt or innocence.   You alone must determine whether the evidence of flight shows a consciousness of guilt and the significance of that evidence.

U.S. Instructions at 20.   Harry objects to this instruction as "inappropriate" and "contrary to the sworn evidence of witnesses."   Objections ¶ 8, at 5.   The Court finds that it is unclear -- or at least subject to interpretation -- whether Harry fled from the party after the incident or left because he was asked to leave.   By including an instruction on flight, the jury might conclude that the Court is suggesting that Harry did flee.   The jury should decide whether Harry fled or was asked to leave.   The United States may argue in closing what it proposes in the jury instruction, but the Court should not explain this fact in its instructions.   Accordingly, the Court wants to avoid putting its thumb on the scales.   To avoid improperly influencing the jury, the Court will sustain Harry's eighth objection.

### H.   THE COURT WILL SUSTAIN IN PART AND OVERRULE IN PART HARRY'S NINTH OBJECTION.

The Court will sustain in part and overrule in part Harry's ninth objection.   See Objections ¶ 9, at 6.   The United States' Requested Instruction No. 17 states: "When the word 'knowingly' is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident."   U.S. Instructions at 24.   Harry argues that this instruction truncates and neglects a substantial portion of the pattern jury instructions.   See Objections ¶ 9, at 6.   Harry argues that the following language from the pattern jury instructions should be included:

> Although knowledge on the part of the Defendant cannot be established merely by demonstrated that the Defendant was negligent, careless, or foolish, knowledge can be inferred if the Defendant deliberately blinded himself to the existence of fact. Knowledge can be inferred if the Defendant was aware of a high probability of the existence of [the fact in question] unless the Defendant actually did not believe [the fact in question].

Objections ¶ 9, at 6 (quoting 10th Cir. Jury Instructions § 1.37, at 60).

The Court will overrule the majority of Harry's requested language, but will include some of the requested language.   The Court will sustain Harry's objection as it concerns the following language: "knowledge on the part of the Defendant cannot be established merely by demonstrate[ing] that the Defendant was negligent, careless, or foolish."   Objections ¶ 9, at 6. The relevant issue in this case is whether Harry knowingly engaged in the sexual act and whether he knew that Doe was incapacitated.   See 18 U.S.C. § 2242(2).   If the jury were to find that Harry negligently, carelessly, or foolishly engaged in the sexual act, or that Harry was negligent, careless, or foolish in not noticing Doe's incapacity, then Harry's requested instruction will be relevant and helpful to the jury in determining whether Harry acted knowingly.   Also, the proposed language substantially tracts the second sentence of the Tenth Circuit's Pattern Jury

Instructions Number 1.37.   See 10th Cir. Jury Instruction § 1.37, at 60 ("[K]nowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish . . . .").   The Court will, thus, sustain this portion of Harry's objection.

The Court will overrule the rest of Harry's requested language, because the remaining requested language is not relevant to this case.   Harry's requested instruction concerns the intentional blindness doctrine and the awareness of a high probability of the existence of a fact. See Objections ¶ 9, at 6.   Comments to the pattern jury instructions state: "Although the deliberate ignorance instruction in general was discouraged, it may be given 'when the [prosecutor] presents evidence that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of prosecution.'"   Comments to 10th Cir. Jury Instructions § 1.37, at 60 (quoting United States v. Delreal-Ordones, 213 F.3d 1263, 1268 (10th Cir. 2000)).   In United States v. Delreal-Ordones, the Tenth Circuit held that "[a] deliberate ignorance instruction is appropriate when a defendant denies knowledge of an operant fact but the evidence, direct or circumstantial, shows that defendant engaged in deliberate acts to avoid actual knowledge of that operant fact."   213 F.3d at 1268.   Here there is no evidence that Harry deliberately avoided learning knowledge of Doe's incapacity.   The high probability instruction is also unnecessary and irrelevant in this case.   There is no evidence that Harry was aware of the probability of the existence of a specific fact.   This is not a blind ignorance case, which comes up most often in drug or firearm cases -- possession cases -- this is a rape case.   The Court will, thus, overrule this portion of Harry's ninth objection.

## I.     THE COURT WILL OVERRULE HARRY'S TENTH OBJECTION.

The Court will overrule Harry's Tenth Objection.   Harry requests that the following language be added to the United States' Requested Instruction No. 20:

> If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [my Courtroom Deputy, Ms. K'Aun Wild], who will bring it to my attention.   I will respond as promptly as possible, either in writing or by having you return to the courtroom so I can address you orally.   I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Objections ¶ 10, at 6 (quoting 10th Cir. Jury Instructions § 1.44, at 71)(alterations Objections but not in 10th Cir. Jury Instructions).   The Court will overrule this objection. Normally, the jury passes messages to the Court through the Court Security Offices and not through the Court's Courtroom Deputy.   Additionally, the Court believes that the requested instruction is unnecessarily verbose.   Finally, this instruction is similar to the last portion of the Tenth Circuit Pattern Jury Instruction Number 1.23,[12] see 10th Cir. Jury Instructions § 1.23, at 38, which the Court often gives, and it does not need to be repeated in the Court's instructions; it would sound repetition.   The Court will, thus, overrule Harry's tenth objection.

**IT IS ORDERED** that the Defendant's Objections to Prosecution's Requested Jury Instructions, filed May 5, 2013 (Doc. 159), is sustained part and overruled in part.   The Court sustains Defendant Myron Harry's second objection, and will require Plaintiff United States of America to prove beyond a reasonable doubt that Harry knew that Jane Doe could not communicate an unwillingness to engage in the sexual act.   Additionally, the Court will sustain Harry's Fourth, Fifth, Seventh, and Eighth Objections; the Court will overrule Harry's First and

---

[12]The Tenth Circuit Pattern Jury Instruction number 1.23 provides:

> If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

10th Cir. Jury Instructions § 1.23, at 38.

Tenth Objections; and the Court will sustain in part and overrule in part Harry's Third, Sixth, and

Ninth Objections.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
   United States Attorney
Kyle T. Nayback
David Adams
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

John F. Samore
Albuquerque, New Mexico

      *Attorney for the Defendant*