# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Myron Jim Harry** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR01915-001JB**<br>USM Number: **54270-051**<br>Defense Attorney: **John F. Samore, Appointed** |

THE DEFENDANT:

☐  pleaded guilty to count(s)
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☒  after a plea of not guilty was found guilty on count(s) **Indictment**

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2242(2), 18 U.S.C. Sec. 2246(2)(A) | Sexual Abuse, Crime in Indian Country 18 U.S.C. Sec. 1153 | 05/06/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count  is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 7, 2014**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 14, 2014**
Date Signed

Defendant: **Myron Jim Harry**
Case Number: **1:10CR01915-001JB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 months**.

**The Court has considered the Guidelines and, in arriving at its sentence, has taken account of the Guidelines with other sentencing goals. Specifically, the Court has considered the Guidelines` sentencing range established for the applicable category of offense committed by the applicable category of Defendant. The Court believes that the Guidelines` punishment is appropriate for this sort of offense. Therefore, the sentence in this judgment is consistent with a guideline sentence. The Court has considered the kind of sentence and range established by the Guidelines. The Court believes that a sentence of 151 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, effectively provides the Defendant with needed education or vocational training and medical care, and otherwise fully reflects each of the factors embodied in 18 U.S.C. Section 3553(a). The Court also believes the sentence is reasonable. The Court believes the sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in the Sentencing Reform Act.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible**

**The Court recommends the Defendant participate in the Bureau of Prisons sex offender program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Myron Jim Harry**
Case Number: **1:10CR01915-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any local, state, tribal, or federal registration agency in the jurisdiction in which he or she resides, works, or is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the juridsiction of residence;
14) the defendant shall waive his/her right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant`s progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
15) the defendant shall submit to a search of person, property, house, residence, vehicles, documents, businesses, computers, and other electronic communications or data storage devices or media effects [as defined in 18 U.S.C. 1030(e)(1)], at any time, by a probation officer with reasonable suspicion concerning a violation of a condition of probation or supervised release, or unlawful conduct by the person, in the lawful discharge of the officer`s supervision functions. The defendant shall inform any other occupants that the premises may be subject to searches pursuant to the condition. Failure to submit to a search may be grounds for revocation of supervision;

16) the defendant shall not have any direct or indirect contact or communication with the victim or his or her family, or go near or enter the premises where the victim or his or her family resides, is employed, attends school or treatment, except under circumstances approved in advance and in writing by the probation officer.

Defendant: **Myron Jim Harry**
Case Number: **1:10CR01915-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**Immediately upon the defendant's commencement of supervision, or as soon as possible thereafter, the defendant shall undergo a risk assessment and/or psychosexual evaluation and begin participating in sex offender treatment, consistent with the recommendations of the assessment and/or evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer. The defendant may be required to pay a portion of the cost of testing or treatment as determined by the probation officer.**

**The defendant shall be prohibited from viewing or possessing any material including photographs, images, books, writings, drawings, videos or video games, depicting and/or describing sexually explicit conduct or child pornography as defined in 18 U.S.C. 2256.**

**The Defendant must participate in and successfully complete an outpatient substance abuse treatment program, which may include testing. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

Defendant: **Myron Jim Harry**
Case Number: **1:10CR01915-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒  In full immediately; or
B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act is applicable. The Court finds the victim did not suffer a monetary loss; therefore, restitution will not be ordered.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.